G. David Robertson, Esq.
California State Bar No. 111984
ROBERTSON, JOHNSON, MILLER & WILLIAMSON
50 West Liberty Street, Suite 600
Reno, Nevada 89501
Telephone: (775) 329-5600
Facsimile: (775) 348-8300
Email: GDavid@nvlawyers.com
*Attorneys for Plaintiff Alpine County*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| ALPINE COUNTY, a political subdivision of the State of California, | CASE NO.: |
| Plaintiffs, | **COMPLAINT** |
| v. | **(WITH JURY DEMAND)** |
| SOUTH TAHOE PUBLIC UTILITY DISTRICT, a public utility district; UNITED STATES BUREAU OF LAND MANAGEMENT; UNITED STATES DEPARTMENT OF AGRICULTURE FOREST SERVICE; UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; FEDERAL EMERGENCY MANAGEMENT AGENCY, | |
| Defendants. | |

Plaintiff, by and through its attorneys of record, the law firm of Robertson, Johnson, Miller & Williamson, hereby files this Complaint and in support thereof alleges against the Defendants, and each of them, as follows:

## **JURISDICTION**

1. This action seeks, *inter alia*, injunctive relief and a declaratory judgment under 28 U.S.C. § 2201, against South Tahoe Public Utility District ("STPUD") and the below-defined Federal Agency Defendants arising from STPUD's violations of numerous federal laws, permits, regulations and contracts, along with associated federal funding grants and reimbursements, concerning the export and discharge of waste effluent out of the Lake Tahoe Basin.

Robertson, Johnson,
Miller & Williamson
50 West Liberty Street,
Suite 600
Reno, Nevada 89501

COMPLAINT
PAGE 1

2. Because of significant federal law compliance issues, including, without limitation, the Clean Water Act ("CWA"), and Lake Tahoe's recognized status as an impaired water body under section 303(d) of said Act, as well as Plaintiff's claims against the Federal Agency Defendants relating to their permits, contracts and grants/reimbursements with and to STPUD, this Court has federal question, and supplemental, jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367. This action arises under the laws of the United States.

## VENUE

3. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because: 1) Plaintiff and STPUD reside in this District; 2) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District; and 3) the real property which is the subject matter of this action is located in this District.

## PARTIES AND FACTUAL BACKGROUND

4. Alpine County is a political subdivision of the State of California ("Alpine County" or "County" or "Plaintiff"). The County acts through its Board of Supervisors.

5. STPUD is a public entity formed in 1950 pursuant to the Public Utility District Act, Public Utilities Code § 15501, *et seq.*, with the power to sue or be sued. STPUD owns and operates a public water system and provides water and sewer service to an area located in South Lake Tahoe and portions of El Dorado County, California, and transports its treated sewage effluent ("Sewage") over and through federally-owned land to land which is primarily owned and/or managed by the BLM in Alpine County, where the Sewage is discharged.

6. STPUD owns, operates and utilizes pipes, lines, and works (collectively "Pipelines") in Alpine County to transport the Sewage out of the Lake Tahoe Basin.

7. The County is informed and believes, and based thereon alleges, that the United States Bureau of Land Management ("BLM") is an agency of the United States that is responsible for managing the federal lands.

8. The County is informed and believes, and based thereon alleges, that the United States Department of Agriculture Forest Service ("USFS"), is an agency of the United States that is responsible for managing the national forests.

9. The County is informed and believes, and based thereon alleges, that the United States Environmental Protection Agency ("EPA") is an agency of the United States that is responsible for protecting human and environmental health by administering and enforcing federal environmental laws and awarding and providing federal grants and reimbursements to environmental entities and/or for environmental causes.

10. The County is informed and believes, and based thereon alleges, that the United States Federal Emergency Management Agency ("FEMA") is an agency of the United States that coordinates the federal government's role in preparing for, preventing, mitigating the effects of, responding to, and recovering from all domestic disasters, whether natural or man-made, and awards and provides federal grants and reimbursements to various entities and causes.

11. BLM, USFS, EPA and FEMA are collectively referred to herein as the "Federal Agency Defendants."

## FACTUAL BACKGROUND

*The Contractual Basis for Export of Sewage into Alpine County*

12. The Porter-Cologne Water Quality Act ("Porter-Cologne Act") is California's primary statute implementing the CWA and governing water quality and water pollution issues.

13. As part of the Porter-Cologne Act, the California Legislature ("Legislature") mandated that any treated sewage effluent (aka the Sewage) generated within the Lake Tahoe Basin ("Basin") be exported outside of the Basin.

14. The Legislature believed that exportation of the Sewage was essential to protect Lake Tahoe from eutrophication and permanent degradation.

15. On April 6, 1967, in anticipation of the Porter-Cologne Act's requirements, Alpine County and STPUD reached an agreement for the exportation, storage, and application of the Sewage (the "1967 Agreement").

16. The 1967 Agreement authorized STPUD to construct, operate and maintain the Pipelines for the export of Sewage from the Basin into Alpine County in exchange for providing the County with certain consideration, including payment of an annual fee ("Fee Payment").

Robertson, Johnson, Miller & Williamson
50 West Liberty Street, Suite 600
Reno, Nevada 89501

17. The 1967 Agreement further authorized STPUD to construct, operate, and maintain facilities to discharge the Sewage in Alpine County ("Discharge Facilities").

18. The 1967 Agreement required STPUD to assume all liability for the operation and maintenance of the Pipelines and Discharge Facilities.

19. The 1967 Agreement states that STPUD is granted use of the Pipelines under certain conditions, including that Alpine County controls STPUD's actions in the County.

20. STPUD began construction on the Indian Creek Reservoir in 1967 to store Sewage and began storing such effluent on April 1, 1968.

21. Subsequent to such construction, the parties agreed to a first amendment to the 1967 Agreement on August 17, 1972 (the "First Amendment").

22. The First Amendment addressed certain operational changes requested by STPUD, including operations at the Indian Creek Reservoir.

23. On June 8 1983, Alpine County and STUPID agreed to a second amendment of the 1967 Agreement ("Second Amendment").

24. The Second Amendment addressed additional operational changes requested by STPUD and provided for the construction of Harvey Place Reservoir.

25. The Harvey Place Reservoir was necessary because of STPUD's increased treatment plant outflow, which rendered the Indian Creek Reservoir inadequate for seasonal waste effluent storage.

26. In the Second Amendment, STPUD acknowledges its obligation to obtain permits from the County to construct and maintain its facilities in Alpine County.

27. STPUD also agreed that it would pay the County the Fee Payment of at least $100,000.00 per year - and increasing based upon sewer connections - for allowing STPUD to use and operate the Pipelines and Discharge Facilities.

28. On March 15, 1984, Alpine County and STPUD entered into a third amendment of the 1967 Agreement which set criteria for the use of Harvey Place Reservoir and the termination of the application of Sewage along Indian Creek ("Third Amendment").

29. On November 6, 1990, the 1967 Agreement was amended a fourth time to allow STPUD to install certain fire hydrants ("Fourth Amendment").

30. On July 7, 1991, the 1967 Agreement was amended for a fifth time to address certain fish planting issues that were added in the Second Amendment ("Fifth Amendment").

31. In 2002, Alpine County and STPUD compiled and consolidated the 1967 Agreement and its amendments into a single agreement (the "2002 Agreement").

32. On December 21, 2004, the parties agreed to delete certain provisions relating to the County's use of STPUD's facilities and create such new provisions by a document titled Master C-Line Connection Agreement ("Connection Agreement").

33. Importantly, the 2002 Agreement continued in existence after 2004 as to the provisions which were not moved into the Connection Agreement.

34. The 2002 Agreement was amended again by the parties on August 18, 2011 (the "2011 Amendment").

35. The 2011 Amendment, among other things, addressed the parties' rights concerning the operation of hydro-electric facilities.

36. Neither the 1967 Agreement, nor any of its direct amendments, specified any term – indefinite or otherwise.

37. The Connection Agreement, however, specified an indefinite term, showing that where the parties intended an indefinite term they inserted such a provision.

***STPUD's Improper Termination of Agreement and Unauthorized Export of Sewage***

38. On June 18, 2019, Alpine County's legal counsel transmitted a letter to STPUD regarding certain issues with the parties' contractual relationship (the "June 2019 Letter").

39. The June 2019 Letter noted that neither the 1967 Agreement, its amendments, nor the consolidated 2002 Agreement (collectively, the "Agreement"), contained an expiration date and that, by law, the parties' Agreement would only have extended for a reasonable term.

40. The June 2019 Letter also explained that the Agreement was likely terminable at will because it did not have an expiration date.

41. The June 2019 Letter recommended that the parties should enter into a dialogue to: (1) address compensation for deficient past payments; and (2) revise the Agreement to specify a set term and an appropriate adjustment mechanism for the Fee Payment going forward.

42. On August 3, 2019, Alpine County's counsel transmitted a second letter to STPUD and proposed specific terms for a new agreement.

43. On October 21, 2019, STPUD sent a letter to Alpine County (the "STPUD Letter") purporting to terminate the Agreement.

44. The STPUD Letter incorrectly claimed that Alpine County's June 2019 Letter threatened litigation – which it did not.

45. Rather, the June 2019 Letter invited STPUD to engage in a dialogue, indicated the County's desire to work cooperatively with STPUD, and expressed its desire to *avoid* litigation.

46. STPUD, not Alpine County, invited this litigation by refusing to reasonably and in good faith cooperate with the County to amend the Agreement.

47. In fact, the STPUD Letter constituted both an anticipatory and actual breach of contract by stating that STPUD was terminating the Agreement effective November 30, 2019, yet indicating that STPUD intended to continue to export Sewage into Alpine County without the County's contractual consent.

48. Subsequently, STPUD failed to make the annual Fee Payment to the County by November 2019 as required by the Agreement.

49. Nevertheless, STPUD continues to export Sewage into Alpine County without Alpine County's contractual consent.

50. STPUD cannot export Sewage into Alpine County without contractual consent of Alpine County.

51. The Agreement expressly states that the exportation of Sewage into Alpine County and its discharge shall be solely governed by the terms and conditions of the Agreement and its amendments.

52. The Agreement expressly states that Alpine County's cooperation is required for STPUD to operate the Facilities and Works.

53. The Agreement acknowledges that STPUD is subject to Alpine County permits, and that STPUD will comply with the County's required standards with respect to the maintenance of the Discharge Facilities.

54. The Agreement continues the 1967 Agreement's requirement that STPUD hold harmless Alpine County from any liability arising out of the operation of the Pipelines.

55. The duration of the 1967 Agreement and its amendments recognize the fundamental understanding of Alpine County and STPUD that STPUD could not operate a pipeline or facilities, or discharge Sewage, in Alpine County without Alpine County's contractual consent.

56. STPUD, by exporting Sewage into Alpine County, but refusing to pay the required annual payment, has now breached the Agreement.

57. STPUD's termination of the Agreement was apparently in retaliation for Alpine County's good-faith efforts to reach an equitable resolution regarding amending the Agreement and was not in good faith.

58. The very fact that Alpine County and STPUD have maintained a contractual relationship for the past fifty-three (53) years makes clear that the parties always understood the need for such a contractual relationship and that STPUD could not export Sewage into Alpine County without the County's contractual consent.

59. Indeed, STPUD, in its Recycled Water Facilities Master Plan ("Master Plan"), dated October 2009, recognizes this fact.

60. The Master Plan explains in great detail the contractual basis that allows it to export Sewage into Alpine County.

61. The Master Plan also lists, as one of its objectives, STPUD's desire and need to uphold its relationship with Alpine County and maintain supply to Alpine County irrigators.

62. It states that: "The District and Alpine County have worked in agreement since the 1960's; it is the desire of the District to uphold this relationship and support the objectives sought by the County."

63. STPUD has now abandoned the objectives of its Master Plan.

64. By breaching the Agreement, STPUD has also breached its Master Plan and its fiduciary obligations to its customers.

65. The Legislature made clear that utility districts, such as STPUD, have the authority to contract to accomplish their objectives. Compare California Public Utilities Code, § 16407 with Water Code §§ 22228, 22230.

66. STPUD has decided to operate without Alpine County's contractual consent.

67. By purporting to terminate - or actually terminating - the Agreement, STPUD has no authority to export Sewage into Alpine County.

68. STPUD is well aware of the need to have the contractual consent of Alpine County to operate in Alpine County and is acting in bad faith.

***STPUD'S Non-Compliance with Its Master Plan, Federal Law and Regulations***

69. Under section 303(d) of the Clean Water Act, the United States Environmental Protection Agency ("EPA") requires states to identify impaired waters not meeting its water quality standards.

70. Lake Tahoe is listed as a 303(d) impaired water body.

71. Export of Sewage is required to avoid eutrophication of Lake Tahoe

72. Under section 303(d), and other provisions of the CWA, the State of California and its subdivisions are required to comply with numerous discharge requirements and seek various approvals from the EPA.

73. Plaintiff is informed and believes, and based thereon alleges, that in connection with the construction, operation, use and maintenance of the Pipeline and Discharge Facilities, STPUD has entered into multiple contracts with, and received permits and funding grants and reimbursements from, various federal agencies, including, without limitation, the Federal Agency Defendants.

74. Among these contracts was a "Cooperative Agreement" between STPUD and BLM relating to the placement and construction of the Indian Creek Reservoir and other Discharge Facilities and the contract(s) between STPUD and USFS relating to the placement of its Pipelines through which the Sewage was transported.

Robertson, Johnson,
Miller & Williamson
50 West Liberty Street,
Suite 600
Reno, Nevada 89501

COMPLAINT
PAGE 8

75. STPUD receives financial grants and reimbursements (collectively "Grants") from, without limitation, the EPA and FEMA.

76. Alpine County, as the location where STPUD discharges its Sewage, was an intended beneficiary of these Grants through the Fee Payment.

77. Plaintiff is informed and believes, and based thereon alleges, that to secure various permits, contracts and the Grants, STPUD has represented and certified to at least the Federal Agency Defendants the importance of the Agreement and the fact that it allows STPUD to continue discharging Sewage in Alpine County.

78. Plaintiff is informed and believes, and based thereon alleges, that these various federal permits, contracts and the Grants are conditioned, either expressly or implicitly, upon STPUD continuing to comply with all federal, state and local laws.

79. STPUD's Agreement with Alpine County is critical to its compliance with the CWA in that STPUD cannot export Sewage from the Lake Tahoe Basin into Alpine County and meet the CWA's discharge requirements without a contract to operate in the County.

80. In its 2009 Recycled Water Facilities Master Plan, Environmental Impact Report ("EIR"), STPUD acknowledges that compliance with the Agreement is necessary to meet its contractual obligations to the County and avoid and/or minimize adverse environmental impacts.

81. STPUD has now purported to unilaterally terminate - or has terminated - the Agreement and cannot comply with the objectives of the CWA and Porter-Cologne Act.

82. STPUD cannot export and discharge Sewage without Alpine County's approval and is, therefore, violating its EIR, the CWA, and the Porter-Cologne Act.

83. Moreover, STPUD's discharge of its Sewage in Alpine County without permission or authorization violates the Alpine County Code and constitutes a trespass and a nuisance, all of which place STPUD in non-compliance with relevant laws.

84. STPUD's non-compliance with these laws places STPUD in violation of its various federal permits, contracts and the Grants.

85. STPUD's non-compliance with these laws breaches its obligations to the Federal Agency Defendants and prevents those agencies from providing any further funding to STPUD.

# CLAIMS FOR RELIEF

## First Cause of Action

### (INJUNCTION / PERMANENT INJUNCTION)

86. Alpine County re-alleges each and every allegation contained herein, and hereby incorporates them by this reference as if fully set forth below.

87. STPUD is presently operating the Pipelines, Facilities and Works in Alpine County without any contractual right to do so or any other permission, authorization or legal entitlement, thereby placing STPUD in violation of multiple laws.

88. Plaintiff is informed and believes, and based thereon alleges, that STPUD's violation of these laws places STPUD in violation of its various federal permits, contracts and the Grants, thereby requiring that those permits, contracts and Grants be terminated.

89. The County is an intended beneficiary of the Grants given Alpine County's role and the Fee Payment STPUD is obligated to pay the County.

90. These violations further require that STPUD be directed and ordered to cease and desist from any continued discharging and dumping of its Sewage in Alpine County.

91. Due to the continuing nature of STPUD's wrongdoing and the risks, liabilities and potential harm to the County by STPUD operating its Pipelines, Facilities and Works in Alpine County without any contractual right to do so, the County has an inadequate remedy at law and a mere award of compensation would be insufficient.

92. A serious risk of irreparable harm exists, absent injunctive relief, since STPUD is operating in Alpine County without authority and any contractual constraints.

93. The County has an overwhelming likelihood of prevailing on the merits of the underlying controversy since STPUD is operating without any contractual authority or any other permission, authorization or legal entitlement.

94. A comparison of the harm to STPUD in issuing an injunction - versus the harm to Alpine County in withholding it - dramatically favors the County since STPUD is operating illicitly and illegally in the County without the County's authorization or permission.

Robertson, Johnson,
Miller & Williamson
50 West Liberty Street,
Suite 600
Reno, Nevada 89501

COMPLAINT
PAGE 10

95. Further, by abandoning the Agreement, STPUD, with a projected revenue of more than $28 million, is depriving Alpine County of the annual Fee Payments.

96. The County thus seeks a restraining order and injunction under Cal. Civ. Code § 3422 and Cal. Civ. Code §3368 preventing STPUD from operating in Alpine County without permission and authorization.

97. The County also seeks a restraining order and injunction against the Federal Agency Defendants to affirmatively require those Defendants to terminate or suspend their permits, contract and Grants with STPUD and/or preventing those Defendants from providing any further funding or approvals under those permits, contracts, the Grants or otherwise.

**WHEREFORE** Alpine County prays for judgment against the Defendants, and each of them, as hereinafter set forth.

## Second Cause of Action

## (DECLARATORY JUDGMENT)

98. Alpine County re-alleges each and every allegation contained herein, and hereby incorporates them by this reference as if fully set forth below.

99. STPUD's position is that it may export Sewage into Alpine County without a contractual right or any other permission, authorization or legal entitlement to do so.

100. In doing so, STPUD is in violation of its EIR, the CWA, and its obligations under Porter-Cologne Act as well as multiple other relevant laws.

101. The County is informed and believes, and based thereon alleges, that STPUD must comply with its EIR, the CWA, its permits, contracts, the Grants and relevant laws in order to legally export its Sewage out of the Lake Tahoe Basin.

102. To do so, STPUD must have the contractual consent of Alpine County.

103. STPUD apparently believes that it can terminate the Agreement and still continue exporting Sewage into Alpine County without that Agreement or making the Fee Payments.

104. As such, an actual controversy exists between the County and STPUD as to whether STPUD has the continuing right to export and discharge its Sewage in Alpine County despite the lack of any contractual or other authority, permission or legal entitlement to do so.

Robertson, Johnson, Miller & Williamson
50 West Liberty Street, Suite 600
Reno, Nevada 89501

COMPLAINT
PAGE 11

105. The County seeks a declaration that STPUD is violating its EIR and federal law, including, but not limited to, the CWA, and that it cannot export Sewage from the Lake Tahoe Basin into Alpine County without the contractual consent of the County.

106. Moreover, the County is informed and believes, and based thereon alleges, that STPUD must comply with all federal, state and local laws under its permits, contracts and the Grants with the Federal Agency Defendants.

107. The County is an intended beneficiary of at least the Grants given STPUD's obligation to make annual Fee Payments to Alpine County.

108. In light of STPUD's continuing transport and discharge of Sewage in Alpine County without the requisite permission or authorization, STPUD is in violation of a number of laws, including, without limitation nuisance, trespass and waste laws, as well as local Alpine County ordinances, which thus place STPUD in violation of its federal permits, contracts and the Grants which require that STPUD comply with all federal, state and local laws. The Federal Agency Defendants must therefore either terminate or suspend the permits, contracts and the Grants or cease performance thereunder.

109. Accordingly, an actual controversy exists among and between STPUD, the Federal Agency Defendants and the County as to whether STPUD has breached/violated its federal permits, contracts and the Grants and whether those breaches/violations warrant termination or suspension of those permits, contracts and the Grants or at least cessation of performance thereunder.

110. Under 28 U.S.C. § 2201, a United States District Court may declare the rights and other legal relations of any interested party seeking such declaration.

111. Accordingly, Plaintiff requests the Court declare as follows: 1) that the STPUD Letter terminated the Agreement, or, alternatively; 2) that the STPUD Letter failed to terminate the Agreement, in which case STPUD is in breach of same for failing to make the 2019 Fee Payment; and 3) that in either case STPUD can no longer export Sewage into Alpine County.

**WHEREFORE** Alpine County prays for judgment against the Defendants, and each of them, as hereinafter set forth.

### Third Cause of Action

### (BREACH OF CONTRACT)

### (Alleged Against STPUD Only)

112. Alpine County re-alleges each and every allegation contained herein, and hereby incorporates them by this reference as if fully set forth below.

113. Alpine County and STPUD are parties to the Agreement.

114. The Agreement provided STPUD with the authority to operate and maintain the Pipelines, Facilities and Works in order to export, store, and discharge Sewage into the County.

115. Alpine County has at all times honored its obligations under the Agreement.

116. STPUD is continuing to operate its Pipelines, Facilities and Works in Alpine County in order to export, store, and discharge Sewage into Alpine County while at the same time either taking the position that the Agreement is terminated or being in breach of same by, *inter alia*, refusing to make the 2019 annual Fee Payment to Alpine County.

117. STPUD cannot accept the benefits of the Agreement while willfully and in patently bad faith terminating, repudiating and/or breaching the Agreement.

118. Assuming the Agreement is not terminated, STPUD is in breach of that Agreement by, *inter alia*, not making the 2019 Fee Payment.

119. As a direct and proximate result of said breach of contract, Alpine County has been and will continue to be damaged.

**WHEREFORE** the County prays for judgment against STPUD as hereinafter set forth.

### Fourth Cause of Action

### (BREACH OF THE IMPLIED COVENANT OF

### GOOD FAITH AND FAIR DEALING)

### (Alleged Against STPUD Only)

120. Alpine County re-alleges each and every allegation contained herein, and hereby incorporates them by this reference as if fully set forth below.

121. California law imposes an implied promise of good faith and fair dealing into every contract and agreement.

Robertson, Johnson,
Miller & Williamson
50 West Liberty Street,
Suite 600
Reno, Nevada 89501

COMPLAINT
PAGE 13

122. No party may unfairly interfere with the right of any other party to receive the benefits of the contract.

123. STPUD, by electing not to pay Alpine County the required annual Fee Payment of over $100,000, yet continuing to accept the benefits of the remainder of the Agreement, is interfering with Alpine County's rights to receive its benefit under the contract.

124. Alpine County has been harmed by STPUD's refusal to pay the required compensation under the contract and STPUD's operation in Alpine County without consent.

125. Alpine County is entitled to such other and further equitable relief to cure the wrongs described herein.

126. As a direct and proximate result of said breach of the implied covenant of good faith and fair dealing, Alpine County has been and will continue to be damaged.

**WHEREFORE** the County prays for judgment against STPUD as hereinafter set forth.

### Fifth Cause of Action
### (UNJUST ENRICHMENT)
### (Alleged Against STPUD Only)

127. Alpine County re-alleges each and every allegation contained herein, and hereby incorporates them by this reference as if fully set forth below.

128. STPUD has acted contrary to principles of law and equity.

129. Alpine County has at all times honored its obligations under the Agreement.

130. Alpine County conferred a benefit on STPUD which would be unjust and inequitable for STPUD to retain.

131. Alpine County is entitled to compensation for the period of time STPUD exports Sewage into the County without a contract.

132. Alpine County is entitled to such other and further equitable relief to cure the wrongs described herein.

133. As a direct and proximate result of said unjust enrichment, Alpine County has been and will continue to be damaged.

**WHEREFORE** the County prays for judgment against STPUD as hereinafter set forth.

## Sixth Cause of Action

### (NUISANCE)

### (Alleged Against STPUD Only)

134. Alpine County re-alleges each and every allegation contained herein, and hereby incorporates them by this reference as if fully set forth below.

135. As described in more detail above, once STPUD terminated the Agreement, it knew or should have known that it no longer had any contractual or other right, permission, authorization or entitlement to transport its Sewage to Alpine County and to discharge and dump said Sewage in Alpine County. Accordingly, STPUD acted intentionally, recklessly and/or negligently in continuing, after terminating the Agreement, to transport its Sewage to Alpine County and to therein dump and discharge said Sewage.

136. The County has jurisdictional responsibility and control over the areas where STPUD continues to transport, dump and discharge its Sewage.

137. STPUD's unlawful conduct has permitted a condition to exist that is harmful to the public health and/or indecent and offensive to the senses.

138. This condition has affected a substantial number of Alpine County residents at the same time.

139. The ordinary person would be reasonably annoyed or disturbed by the condition.

140. The seriousness of the harm to Alpine County and its residents outweighs the social utility to the County and those residents of STPUD's continuing conduct.

141. The County certainly did not consent to STPUD's continued dumping and discharging of STPUD's Sewage in Alpine County without any compensation following STPUD's termination of the Agreement.

142. The County, as a public entity, suffered harm that was different from the type of harm suffered by the general public.

143. STPUD's actions in continuing to transport and discharge its Sewage in Alpine County have unreasonably and substantially interfered with Alpine County's use and enjoyment of its property in the manner alleged hereinabove and have thereby created a nuisance.

Robertson, Johnson,
Miller & Williamson
50 West Liberty Street,
Suite 600
Reno, Nevada 89501

COMPLAINT
PAGE 15

144. Moreover, STPUD's continuing discharge of its Sewage in Alpine County after termination of the Agreement (and thus without permission, authorization or right), constitutes a public nuisance under Chapter 16.12 of the Alpine County Code.

145. As a direct and proximate result of said nuisance, Alpine County has been and will continue to be damaged in an amount in excess of this Court's jurisdictional threshold in the manner herein alleged.

**WHEREFORE** the County prays for judgment against STPUD as hereinafter set forth.

### Seventh Cause of Action

### (TRESPASS)

### (Alleged Against STPUD Only)

146. Alpine County re-alleges each and every allegation contained herein, and hereby incorporates them by this reference as if fully set forth below.

147. As described in more detail above, once STPUD terminated the Agreement it knew or should have known that it no longer had any contractual or other right or permission to transport its Sewage to Alpine County and to discharge and dump said Sewage in Alpine County. Accordingly, STPUD acted intentionally, recklessly and/or negligently in continuing, after terminating the Agreement, to dump its Sewage in Alpine County.

148. The County has jurisdictional responsibility and control over the areas where STPUD continues to transport, dump and discharge its Sewage.

149. The County did not give permission for STPUD to continue dumping and discharge of its Sewage in Alpine County.

150. STPUD's continued dumping and discharge of its Sewage in Alpine County, despite the lack of any contractual or other permission, right or authorization, is a trespass and a substantial factor in harming, and continuing to harm, the County.

151. As a direct and proximate result of said trespass, the County has been and will continue to be damaged in an amount in excess of this Court's jurisdictional threshold in the manner herein alleged.

**WHEREFORE** the County prays for judgment against STPUD as hereinafter set forth.

Robertson, Johnson,
Miller & Williamson
50 West Liberty Street,
Suite 600
Reno, Nevada 89501

COMPLAINT
PAGE 16

### Eighth Cause of Action

### (WASTE)

### (Alleged Against STPUD Only)

152. Alpine County re-alleges each and every allegation contained herein, and hereby incorporates them by this reference as if fully set forth below.

153. STPUD originally had permission to discharge and dump its Sewage in Alpine County, but it lost that permission when it terminated the Agreement.

154. STPUD has continued dumping and discharging its Sewage in Alpine County despite the lack of any contractual or other permission, right or authorization to do so.

155. STPUD's continued dumping and discharge of its Sewage in Alpine County, despite the lack of any contractual or other permission, right or authorization, has harmed, and continues to harm, Alpine County.

156. As a direct and proximate result of said trespass, Alpine County has been and will continue to be damaged.

**WHEREFORE**, Alpine County prays for judgment as follows:

1. That the Court enter the injunctions requested hereinabove.

2. That the Court issue the declaratory relief requested hereinabove;

3. That the Court award the County compensatory, general and special damages according to proof, all in an amount in excess of $100,000.00;

4. That the Court award the County attorneys' fees and costs according to proof;

5. That the Court award the County pre-judgment and post-judgment interest according to proof;

6. For such other and further relief as the Court may deem just and proper.

DATED this 28th day of July, 2020.

                    ROBERTSON, JOHNSON,
                    MILLER & WILLIAMSON

                    By:   */s/ G. David Robertson*
                          G. David Robertson, Esq.
                          *Attorneys for Plaintiff*

Robertson, Johnson,
Miller & Williamson
50 West Liberty Street,
Suite 600
Reno, Nevada 89501

COMPLAINT
PAGE 17

**JURY DEMAND**

Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff hereby requests that all issues in this action which may be legally tried before a jury be so tried, and a jury is hereby demanded as to all such issues.

RESPECTFULLY SUBMITTED this 28th day of July, 2020.

ROBERTSON, JOHNSON,
MILLER & WILLIAMSON

By: *__/s/ G. David Robertson__*
G. David Robertson, Esq.
*Attorneys for Plaintiff*

Robertson, Johnson,
Miller & Williamson
50 West Liberty Street,
Suite 600
Reno, Nevada 89501