UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ALPINE COUNTY, a political subdivision of the State of California<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SOUTH TAHOE PUBLIC UTILITY DISTRICT, a public utility district; UNITED STATES BUREAU OF LAND MANAGEMENT; UNITED STATES DEPARTMENT OF AGRICULTURE FOREST SERVICE; UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; FEDERAL EMERGENCY MANAGEMENT AGENCY<br><br>　　　　Defendants. | No. 2:20-cv-01514 WBS CKD<br><br>MEMORANDUM AND ORDER RE: SOUTH TAHOE PUBLIC UTILITY DISTRICT'S MOTION TO DISMISS |

----oo0oo----

Plaintiff Alpine County brought this action against the South Tahoe Public Utility District ("defendant"), United States Bureau of Land Management ("BLM"), United States Department of Agriculture Forest Service ("USFS"), United States Environmental Protection Agency ("EPA"), and the Federal Emergency Management

1

Agency ("FEMA") (collectively, "federal agencies"),[1] alleging breach of the terms of federal grants and agreements with the federal agency defendants, breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, nuisance, trespass, and common law waste.  Defendant South Tahoe Public Utility District has moved to dismiss plaintiff's complaint.  (Docket No. 8).

I.   Relevant Allegations

This case arises out of a dispute between plaintiff Alpine County, a county located just south of the Lake Tahoe Basin, and defendant South Tahoe Public Utility District, a public entity that provides water and sewer service to South Lake Tahoe and portions of El Dorado County.  (Compl. ¶¶ 4-5.)  In 1967, plaintiff and defendant entered into an agreement (the "Agreement") to export defendant's treated sewage effluent generated outside the Lake Tahoe Basin.  (Id. ¶ 15.)  The Agreement authorized defendant to construct, operate, and maintain pipelines for the export of sewage effluent from the Lake Tahoe Basin into Alpine County in exchange for an annual fee.  (Id. ¶ 16.)  Defendant was also authorized to construct, operate, and maintain facilities in Alpine County where effluent could be discharged.  (Id. ¶ 17.)

Beginning in summer 2019, a dispute arose between the parties as to the termination date of the contract.  (Id. ¶¶ 38-49.)  The complaint alleges that defendant notified plaintiff it

---

[1] As of the date of this Order, none of the federal agencies named in plaintiff's complaint have appeared in this matter.  It is not clear whether plaintiff has served any of them with the summons and complaint.

2

was terminating the Agreement in October 2019 but has continued to export sewage effluent into Alpine County without making the annual payment set out in the contract. (Id.)

Plaintiff brought this suit in response, alleging: (1) violations of federal law and federal grants, permits, and agreements; (2) violations of a number of substantive laws giving rise to declaratory relief; (3) breach of contract; (4) breach of the implied covenant of good faith and fair dealing; (5) unjust enrichment; (6) nuisance; (7) trespass; and (8) waste. (See generally Compl.)

II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal when the plaintiff's complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the complaint has stated "a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

III. Discussion

The only federal claim that plaintiff's complaint raises against defendant South Tahoe Public Utility District is that defendant has violated the Clean Water Act ("CWA"), 33

3

U.S.C. §§ 1251-1387.[2] The complaint alleges that defendant cannot comply with the CWA without a contract to operate in Alpine County, and thus defendant's termination of the Agreement has led it to violate the CWA's discharge requirements. (See Compl. ¶¶ 79-82.) The only specific provision of the CWA mentioned in plaintiff's complaint is section 303(d). (See Compl. ¶¶ 69-72.) The complaint alleges that (1) section 303(d) requires states to identify waters that do not meet water quality standards; (2) Lake Tahoe has been identified as an impaired water body under the statute; (3) sewage must be exported to avoid polluting Lake Tahoe; and (4) as a result, California and its subdivisions are required to comply with numerous discharge requirements and seek various approvals from the EPA. (See Compl. ¶¶ 69-72.)

These allegations do not sufficiently allege a violation of the Clean Water Act. The complaint cites to CWA section 303(d) to provide background information on the CWA's

---

[2] Plaintiff styles his first two claims against defendant as claims for "injunctive relief" and "declaratory relief." While plaintiff argues that these are also separate federal claims, neither a claim for injunctive relief nor a claim for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, can act as a free-standing claim sufficient to confer federal question jurisdiction under 28 U.S.C. § 1331. See, e.g., Jensen v. Quality Loan Serv. Corp., 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action . . . ."); Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950) ("The operation of the Declaratory Judgment Act is procedural only. [It] enlarge[s] the range of remedies available in the federal courts but d[oes] not extend their jurisdiction.") (internal quotation marks and citations omitted). Plaintiff's claims for injunctive and declaratory relief therefore depend upon the Complaint's claim for violations of the Clean Water Act.

water quality standards program and to explain why treated sewage must be transported out of the Lake Tahoe watershed, but it does not identify a single provision of the statute that defendant is violating or make anything other than conclusory statements that defendant must necessarily be violating the CWA now that the Agreement has been terminated.  (See Compl. ¶¶ 69-72.)  These types of conclusory allegations and "threadbare recitals" are insufficient to state a claim upon which relief can be granted. See Iqbal, 566 U.S. at 678.

Plaintiff's allegations regarding the Clean Water Act suffer from another fatal flaw.  "Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress."  Alexander v. Sandoval, 532 U.S. 275, 286-87 (2001).  To maintain a cause of action under a federal statute, the plaintiff must be able to point to a specific provision of the statute that "display[s] an intent to create not just a private right but also a private remedy."  Id. Plaintiff's complaint does not identify a single source of federal law, and the court is unaware of any--in the CWA or otherwise--that authorizes plaintiff to sue defendant over its alleged violations of the CWA.  See id.

Notably, plaintiff's counsel conceded at oral argument that the complaint does not adequately allege a basis for a cause of action against defendant under the CWA.  When asked how plaintiff could amend the complaint to sufficiently allege violations of federal law against defendant, plaintiff's counsel stated that plaintiff could allege violations of an entirely different federal law, the Tahoe Regional Planning Compact, Pub.

L. 96-551, art. 6(j), 94 Stat. 3233 (1980).  However, plaintiff did not reference the Compact in its complaint or in its Opposition to Defendant's Motion to Dismiss -- this was mentioned for the first time at oral argument.

The court is not willing to entertain plaintiff's efforts to state a federal claim through vague allegations and the addition of brand new claims by amendment.  Plaintiff's claim under the Clean Water Act will therefore be dismissed.  See Iqbal, 566 U.S. at 678.  If plaintiff wishes to state an entirely new and different claim against defendant, plaintiff is free to do so in another action, assuming such a claim is plausible and is not barred by the statute of limitations.  If plaintiff wishes to bring a claim that arises under federal law, it can bring that action in federal court.  See 28 U.S.C. § 1331.  Otherwise, a state court is the more appropriate forum to adjudicate plaintiff's claims against defendant.

Because the court will dismiss plaintiff's only federal claim against defendant South Tahoe Public Utility District, the court no longer has federal question jurisdiction with respect to plaintiff's claims against defendant.  See id.  Federal courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  But a district court "may decline to exercise supplemental jurisdiction ... [if] the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c); see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 n.3

(9th Cir.1997) (en banc) (explaining that a district court may decide sua sponte to decline to exercise supplemental jurisdiction).  The Supreme Court has stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

        Comity weighs in favor of declining to exercise supplemental jurisdiction over plaintiff's state law claims against defendant because the state court is competent to hear those claims and may have a better understanding of the relevant state law.  As for judicial economy, this action is still at the motion to dismiss stage, and plaintiff's state law claims have not been the subject of any litigation.  Judicial economy does not weigh in favor of exercising supplemental jurisdiction. Lastly, convenience and fairness do not weigh in favor of exercising supplemental jurisdiction.  The federal and state fora are equally convenient for the parties.  There is no reason to doubt that the state court will provide an equally fair adjudication of the issues.  Accordingly, the court declines to exercise supplemental jurisdiction and will dismiss plaintiff's remaining state law claims against defendant South Tahoe Public Utility District.

        IT IS THEREFORE ORDERED that defendants' motion to dismiss (Docket No. 8) be, and the same hereby is, GRANTED.

        Plaintiff's claim against defendant South Tahoe Public

7

Utility District under the Clean Water Act is DISMISSED WITH PREJUDICE.  Plaintiff's claims under California law against defendant South Tahoe Public Utility District are DISMISSED WITHOUT PREJUDICE to refiling in state court.  The Clerk of Court shall enter final judgment in favor of defendant South Tahoe Public Utility District.

Dated:   September 23, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE